WIGGINTON, Judge
(concurring in part, dissenting in part).
I concur in the well reasoned opinion authored by Judge Carroll which holds that the trial court erred in denying appellant a hearing out of the jury’s presence on the question of whether his alleged confession was voluntarily given. The majority opinion relies heavily upon and purports to be controlled in large part by the decision of the Supreme Court of the United States rendered in the case of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. I concur in that view, but am at a loss to understand why this court follows the Denno decision in reaching the conclusion that the case must be reversed because the voluntariness of appellant’s alleged confession was not determined by the trial court out of the presence of the jury, but refuses to follow the conclusion reached by the Supreme Court in Denno which remanded the case with directions that a fair and impartial evidentiary hearing be held by the trial court for the purpose of determining the voluntariness of appellant’s confession. The trial court in Denno was directed to grant a new trial in the event it determined after such eviden-tiary hearing that Denno’s alleged confession was not voluntarily given. It held, however, that if the determination should be to the contrary and the confession held to be voluntary, the judgment of conviction should be affirmed. This is the disposition which I strongly feel should be made of the case sub judice. When the majority opinion refuses to follow the Supreme Court’s disposition reached in the Denno case merely because that case involved a review of a petition for writ of habeas corpus seeking post-conviction relief whereas the case sub judice is a direct appeal from a judgment of conviction and sentence, it relies on nothing more nor less than a distinction without a difference. It begs the question and unnecessarily requires a new trial under circumstances where such may not be required. The congestion of our courts and the expense of conducting a new trial should be ordered only where such is necessary to see that justice is done. No such showing has been made in this case at this point in the proceeding.